El Pueblo, Demandante y Apelado v. Rivera, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, por infracción al artículo 137 del Código Penal.

No. 1142.—Resuelto en julio 27, 1917.

Delito Contra la Justicia Pública—Leche Destinada a la Venta—Destrucción de la Misma—Obstrucción de la Justicia Pública.—Una persona que se dedica a la venta pública de leche, que cuando se presenta el funcionario encargado por la ley para examinar si aquella substancia tiene o no el grado de pureza que la misma ley requiere, actuando voluntaria y maliciosamente, destruye la leche, parte de la cual tenía ya vendida, impidiendo así al funcionario que cumpla con los deberes de su cargo, comete el delito de obstrucción de la justicia pública previsto y castigado en el artículo 137 del Código Penal.

Los hechos están expresados en la opinión.
Abogado del apelante: Sr. Enrique Campillo.
Abogado del apelado: Sr. Salvador Mestre, Fiscal.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

La acusación en lo pertinente dice así:

"El citado Antero Rivera, allá el día 28 de octubre de 1916, en San Juan, que forma parte del distrito judicial del mismo nombre, siendo dueño de un puesto de leche sito en la calle de San Sebastián, No. 20, en ocasión en que Ramón Martinó, Inspector de Alimentos del Departamento de Sanidad de Puerto Rico, para cuyo cargo fué legalmente nombrado, y ejerciendo funciones de su cargo, solicitó se le facilitase una muestra de leche para su examen, ilegal, voluntaria y maliciosamente y constándole que el Sr. Martinó estaba en funciones de su cargo, le estorbó en el cumplimiento de su obligación, derramando por el suelo la leche que contenía un garrafón y dos botellas, estando destinado a la venta el contenido del garrafón y habiendo sido vendida la que contenían las botellas."

Y la ley aplicable, es como sigue:

"Toda persona que voluntariamente resistiere, demorare, o estorbare a cualquier funcionario público en el cumplimiento de algunas de las obligaciones de su cargo, o al tratar de cumplirla, siempre que no hubiere otra pena señalada, incurrirá en multa máxima de cinco

mil (5,000) dollars y cárcel por un término máximo de un año.";
Artículo 137 C. P..

Bajo tal acusación el acusado se confesó culpable y fué
condenado a pagar cincuenta pesos de multa y en defecto de
pago a sufrir un día de cárcel por cada peso dejado de satis-
facer, pero no conforme luego con la sentencia dictada apeló
para ante este tribunal, sin que archivara pliego alguno de
excepciones, ni exposición del caso.

¿Constituyen el delito previsto y castigado en la ley que
dejamos transcrita, los hechos que se imputan al acusado?

Si el artículo 137 del Código Penal se examina, aislada-
mente, no hay duda alguna de que la pregunta formulada
debe responderse en la afirmativa. Toda persona que vo-
luntariamente estorbare a *cualquier funcionario público* en
el cumplimiento de alguna de las obligaciones de su cargo,
o al tratar de cumplirla, comete el indicado delito. Y en la
denuncia claramente se imputa al acusado el hecho de haber
estorbado voluntariamente a un funcionario público al tratar
de cumplir las obligaciones de su cargo.

La duda surge, si se considera el sitio del Código Penal
que ocupa el artículo 137. El título de dicho código trata
de los "delitos contra la justicia pública" y se divide en
cinco capítulos, que comprenden: el 1º., los delitos de soborno
y corrupción; el 2º., los de sustracción, mutilación y falsifi-
cación de documentos judiciales y públicos; el 3º., el de per-
jurio; el 4º., el de falsificación de pruebas, y el 5º., "otros de-
litos contra la justicia pública." El artículo 137 es uno de
los del capítulo 5º.

Si se examinan las decisiones de los tribunales que hacen
referencia a preceptos iguales al contenido en el artículo 137,
se observará que todas se refieren a hechos que guardan re-
lación directa con la administración de la justicia. Gene-
ralmente se ha tratado de resistencia hecha a oficiales del
orden público al llevar a efecto algún arresto, o a oficiales
judiciales al cumplimentar órdenes legales de tribunales de
justicia. Véase el capítulo que dedica Cyc. a la materia en

su tomo 29, págs. 1325 a 1339, y las citas contenidas en el mismo.

¿Pero quiere ello decir que las palabras "cualquier funcionario público" usadas por el legislador portorriqueño, deban limitarse a los funcionarios que tengan la misión de arrestar a ciudadanos o de ejecutar órdenes de los tribunales? En manera alguna, a nuestro juicio. Estamos conformes en que el espíritu que informa el artículo 137 es el de garantizar la debida administración de la justicia pública, pero la idea de la justicia pública cuya administración se concentra en los tribunales, tiene múltiples ramificaciones. Y el hecho de que una persona que se dedica a la venta de una substancia alimenticia como la leche, cuando se presenta el funcionario encargado por la ley para examinar si aquella substancia tiene o nó el grado de pureza que la misma ley requiere, actuando voluntaria y maliciosamente destruya aquella substancia que tenía para la venta y parte de la cual había vendido, impidiendo así al funcionario que cumpla con sus deberes y adquiera los datos necesarios para concluir si se había cometido o nó un delito, constituye claramente, a nuestro juicio, una obstrucción de la justicia pública. El inspector de sanidad en tal caso, era uno de los funcionarios que tuvo en mente el legislador al redactar el artículo 137 del Código Penal.

Un caso que ilustra mucho esta materia es el de *Frion* v. *Pingree,* de Michigan, reportado en 37 L. R. A. 222, en el que se resolvió que "una obstrucción a un funcionario ejecutivo en el ejercicio de su derecho reconocido por la ley para examinar los libros de un oficial de un municipio para fines propios, es una ofensa perseguible en la ley común." Después de exponer las instrucciones de la corte sentenciadora, la Suprema de Michigan, se expresa así:

"Debemos asumir que la disposición de la carta constitucional de Detroit, autorizando al alcalde para examinar en todo tiempo los libros de los comisionados de fuegos (Carta Constitucional de Detroit, Cap, 16, párrafo 24, 353) tenía por objeto el promover el interés

público asegurando honradez y corrección en la dirección de los
asuntos del departamento bajo la administración de los comisionados
de fuegos.   Cualquier obstáculo que pudiera ser ilegalmente pre-
sentado para impedir un examen de esa clase cuyo objeto sea ade-
cuado, sería una obstaculización de las funciones del gobierno, y per-
seguible como tal en el derecho común.   Se alega que el delito de
obstaculizar a los funcionarios está limitado a funcionarios de corte,
alguaciles, etc., y no alcanza a los funcionarios cuyos deberes son
ejecutivos, como diferenciados de aquellos que ejercen funciones ju-
diciales y de los que tienen a su cargo la ejecución de mandamientos
judiciales, los preservadores del orden etc., y que no puede encon-
trarse un solo caso en que una persona haya sido convicta de tal de-
lito.   Esto no implica necesariamente que los actos constitutivos de
obstaculización al gobierno no son perseguibles en derecho común, y
no estaríamos inclinados a resolver que actos de ataque a la propiedad,
que no serían criminales en otras circunstancias, no se convertirían
en tales si el objeto y efecto fuera impedir al gobernador o los legis-
ladores u otros funcionarios del estado, el ejecutar los deberes co-
rrespondientes a sus departamentos respectivos   No podemos creer
que la madre patria, que castiga los libelos sediciosos y las calumnias,
hubiera tolerado actos que en realidad interrumpen la acción oficial;
y es posible que el derecho inglés justificaría la conclusión de que un
acto tal sería penable como un desacato de las prerrogativas del
Rey, con multa y prisión, a discreción de la corte de justicia del Rey.
4 Bl. Com. p. 122.   El Sr. Bishop, al tratar la cuestión, no tiene
aparente vacilación al decir que la obstaculización de las funciones
gubernamentales es criminal, cuando el acto es de suficiente mag-
nitud para merecer atención.   1 Bishop, Crim. L. pár. 457.   Dice
que 'de naturaleza parecida a la traición, aunque inferiores en rango,
son las varias obstaculizaciones de la maquinaria gubernamental.   Las
más importantes han sido especificadas en este capítulo, pero todas
las demás obstaculizaciones de igual clase y magnitud son delitos en
el derecho común.'   Es justo que digamos que añade: 'Prácticamente,
la ley de este capítulo está grandemente circunscrita por la regla
de que no se fija en las cosas pequeñas.'   Id. 'pár. 480.   Es difícil
decir donde está exactamente la línea que marca el límite del delito,
y lo diferencia del grupo de 'cosas pequeñas que la ley no castiga';
pero creemos en la gravedad de un acto que impide a funcionarios
ejecutivos de la nación, del estado, o de las ciudades, el ejecutar los
deberes de sus cargos.''   37 L. R. A. 225.

   Se ha dicho también que para que exista el delito a que nos

venimos refiriendo, es necesario que se ejerza por parte de su autor cierto grado de fuerza o violencia al cometerlo. Esto sería así, si la ley hablara solamente de resistencia, pero la ley además de la palabra "resistiere," consigna estas otras: "demorare" y "estorbare," y el caso varía.

"Cuando el estatuto limita la ofensa a resistencia solamente," dice Cyc, "debe aparecer que el acusado estaba presente en persona y que resistió la ejecución del mandamiento por el funcionario, por medios más o menos violentos. De ahí que, aun cuando es bastante que el funcionario fuera impedido por haber el acusado ejercitado violencia personal, sin embargo meras amenazas, a menos que no váyan acompañadas de habilidad presente para, o *intención apa*rente de ejecutarlas, no constituyen el delito. Pero cuando el estatuto enumera actos voluntarios de obstrucción, así como de resistencia, su violación se establece por medio de prueba de que el acusado hizo que se interpusiera cualquier impedimento u obstáculo a la ejecución del mandamiento, aunque no estuviera presente en persona ni cooperara realmente en el acto de obstaculización. Debe aparecer, sin embargo, que el acusado de alguna manera o en algún estado ayudó en o instigó el acto de obstaculización.

"Si el estatuto enumera resistencia solamente, presupone que la ejecución del mandamiento ha de ser impedida por el ejercicio de medios directos, y no queda infringido porque indirectamente se eluda y engañe al funcionario en la ejecución del mandamiento, como cuando la propiedad es escondida o trasladada. Pero cuando el estatuto enumera también actos voluntarios de obstrucción, el uso de medios directos no queda necesariamente implicado, y aquél queda infringido cuando la ejecución del mandamiento es impedida mediante la interposición de obstáculos indirectos." 29 Cyc., 1329.

Por virtud de todo lo expuesto, opinamos que debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf disintió.