El Pueblo de Puerto Rico, demandante y apelado, *v.* Leoncio Lanza Lanza, acusado y apelante.

Núm. 7502.—*Sometido:* Abril 21, 1939. *Resuelto:* Julio 5, 1939.

*Juan Calzada González,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Leoncio Lanza Lanza fué convicto en dos ocasiones, primero en la corte municipal y luego, después de un juicio *de novo,* en la corte de distrito, por una infracción del artículo 137 del Código Penal, a virtud de una denuncia en que se alegaba lo siguiente:

Que el referido Lanza, a sabiendas de que el denunciante, inspector insular de pesas y medidas, era un funcionario público en el

cumplimiento de sus deberes oficiales y que en aquellos momentos actuaba como tal, demoró y estorbó al denunciante en el cumplimiento de sus deberes oficiales; opuso tenaz resistencia a que el denunciante verificara el peso de varios bollos de pan que eran exhibidos y ofrecidos para la venta por la firma de V. Lanza & Hno., de la cual el acusado era empleado, socio o interesado, le arrebató los referidos bollos de pan de sus manos y los hizo pedazos, no pudiendo, en su consecuencia, el denunciante verificar su peso.

El primer señalamiento es que la corte de distrito cometió error al no declarar con lugar una excepción perentoria a la denuncia. El apelante admite que la denuncia imputa un delito público, si es que ha de seguirse la doctrina sentada en el caso de *El Pueblo* v. *Rivera,* 25 D.P.R. 752. Se arguye, sin embargo, que el caso de *El Pueblo* v. *Rivera* fué revocado por el de *El Pueblo* v. *Delgado,* 30 D.P.R. 407. La denuncia en el presente caso imputaba un delito. De existir algo en el caso de *El Pueblo* v. *Delgado* que sea inconsistente con este criterio, hasta ese punto el caso de Delgado queda revocado.

En el segundo señalamiento se impugna la jurisdicción de la corte de distrito a base de que, si bien el delito se había cometido dentro del distrito municipal de San Lorenzo y la denuncia se había radicado en la corte municipal del mismo pueblo, el juramento del denunciante se había prestado ante el secretario de la Corte Municipal de Humacao. El alegato del apelante deja de establecer la contención de que ésa es una cuestión jurisdiccional. Un punto similar fué resuelto adversamente a la contención del apelante en el caso de *El Pueblo* v. *García,* 18 D.P.R. 570. La cuestión, al no ser jurisdiccional, no puede ser suscitada por primera vez ante este tribunal.

El cuarto señalamiento es que la corte de distrito cometió error en la apreciación de la prueba y al dictar una sentencia que no está sostenida por la evidencia. No hallamos error en la apreciación de la prueba ni podemos convenir con el apelante en que la evidencia era insuficiente para sostener la sentencia.

■ El tercer señalamiento levanta una cuestión más seria. El artículo 137 del Código Penal dispone:

"Toda persona que voluntariamente resistiere, demorare, o estorbare a cualquier funcionario público en el cumplimiento de alguna de las obligaciones de su cargo, o al tratar de cumplirla, siempre que no hubiere otra pena señalada, incurrirá en multa máxima de cinco mil (5,000) dólares y cárcel por un término máximo de un año."

La sección 20 de la Ley de Pesas y Medidas (núm. 135) aprobada el 18 de agosto de 1913 (Sesión Extraordinaria de ese año, Leyes de 1913-14 págs. 103, 108) provee que la infracción de ciertas reglas y reglamentos constituirá delito menos grave, castigable, por la primera falta, con una multa máxima de cincuenta dólares o con prisión que no exceda de cincuenta días. La sección 24 del referido reglamento dispone: "Ninguna persona impedirá u obstaculizará al jefe inspector, o a sus inspectores . . . en el cumplimiento de sus deberes oficiales." En el presente caso el juez de distrito impuso una multa de $200 ó, en su defecto, un día de cárcel por cada dólar que se dejase de satisfacer. Convenimos con el apelante en que la pena no debió haber excedido del máximo prescrito por la sección 20 de la Ley de Pesas y Medidas.

*La sentencia apelada debe ser modificada de conformidad, y, así modificada, confirmada.*

El Juez Asociado Sr. Travieso no intervino.